UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Jason D. Cooper,

                       Plaintiff,

    v.

Travis Hill et al.,

                       Defendants.

**Decision and Order**

12-CV-1227S

## I.   INTRODUCTION

The Hon. William M. Skretny has referred this case to this Court under 28 U.S.C. § 636(b). (Dkt. No. 22.) Pending before the Court is a non-dispositive motion to quash by non-party the New York State Department of Corrections and Community Supervision ("DOCCS"). (Dkt. No. 47.) On March 30, 2016, DOCCS received two subpoenas from plaintiff Jason Cooper ("Cooper"), one addressed to Acting Commissioner Anthony Annucci ("Annucci") and one addressed to Superintendent John Colvin ("Colvin"). The subpoenas are largely identical and seek a wide variety of documents and answers to written questions. DOCCS initially raised other issues pertaining to the service of the subpoenas but now has focused on the alleged overbreadth of the subpoenas. Cooper responds that he needs DOCCS to respond to the subpoenas to help explain why the developing record in this case has a gap in the documentation for Cooper's whereabouts on the night of October 21, 2012.

The Court has deemed the motion submitted on papers under Rule 78(b) of the Federal Rules of Civil Procedure ("FRCP"). For the reasons below, the Court grants the motion in part.

II.   BACKGROUND

This case concerns an assault that Cooper allegedly suffered at the hands of corrections officers while an inmate at Five Points Correctional Facility ("Five Points") in Romulus, New York. On October 21, 2012 around 9:00 PM, an inmate riot broke out in the Five Points recreational yard. Cooper was in the yard at the time. Cooper claims to have had no involvement in the riot, but he allegedly was assaulted anyway in the recreational yard shortly after corrections officers restored order. Cooper claims that corrections officers assaulted him a second time a few hours later in the shower of the Draft Processing Room in one of the cell blocks at Five Points. What has drawn the attention of Cooper's *pro bono* counsel during discovery is an apparent gap in clear documentation of Cooper's whereabouts for about six hours after the riot. Cooper's counsel has summarized the problem well in his memorandum of law (Dkt. No. 52 at 4); in short, certain documents do not list Cooper as having received any medical attention on the night of October 21, 2012 even though Five Points created two injury reports with pictures. Additionally, certain documents that would have confirmed Cooper's presence at certain places do not list his name, while other documents that would confirm Cooper's whereabouts have not emerged yet.

To try to clarify where Cooper was and who interacted with him in the hours after the riot, Cooper served two subpoenas, dated March 30, 2016, on non-party DOCCS. (Dkt. No. 47-2 at 5–65.) The subpoenas were addressed to Annucci and Colvin and will be referenced here as the Annucci and Colvin subpoenas. The Annucci and Colvin subpoenas are nearly identical in substance; each contains a series of requests for documents followed by a deposition upon written questions under FRCP 31(a)(3). In general, the subpoenas seek information about various log sheets that might give clues about Cooper's whereabouts; about grievances and related documents

that resulted from the inmate riot; and about internal investigations that occurred including an investigation from the DOCCS Office of Inspector General ("OIG").

DOCCS appeared in this case and filed the pending motion to quash the subpoenas on May 6, 2016. With respect to the substance of the subpoenas, DOCCS argues that the subpoenas are defective because they include too many requests that are too broad. Many of the requests in the subpoenas contain phrases like "all documents from any person," while other requests seek documents in which the names of any defendants appear regardless of the content of the document. DOCCS asserts that Cooper's requests are so broad that responding would require numerous hours and would lead to production of thousands of pages of documents, thus constituting an undue burden. Apart from the substance of the subpoenas, DOCCS initially raised arguments about various procedural defects, including defects in service and notice. DOCCS has since withdrawn its procedural objections to focus on the substantive objections.

Cooper opposes the motion in all respects. On substance, Cooper argues that his requests and deposition questions are focused on filling in missing information about his whereabouts between about 9:00 PM on October 21, 2012 and about 3:25 AM on October 22, 2012. Even if some of his requests could be considered too broad under different circumstances, Cooper argues, the motion should be denied because of the circumstances of this case. Cooper remains incarcerated and in DOCCS custody. DOCCS has exclusive control over any documentation generated following the inmate riot. Cooper thus needs DOCCS to respond to his subpoenas because he has no other way to conduct relevant discovery. With respect to what had been

DOCCS's procedural objections, Cooper seek sanctions on the basis that they rested on a misreading of the subpoenas and of FRCP 30(b)(6) and were thus frivolous.

III. DISCUSSION

    A. *Motions to Quash Generally*

"Motions to compel and motions to quash a subpoena are both entrusted to the sound discretion of the district court. This principle is in keeping with the traditional rule that a trial court enjoys wide discretion in its handling of pre-trial discovery, and its rulings with regard to discovery are reversed only upon a clear showing of an abuse of discretion. A district court abuses its discretion when (1) its decision rests on an error of law or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Am. Savings Bank, FSB v. UBS PaineWebber, Inc. (In re Fitch, Inc.)*, 330 F.3d 104, 108 (2d Cir. 2003) (internal quotation and editorial marks and citations omitted). "[T]he burden of persuasion in a motion to quash a subpoena issued in the course of civil litigation is borne by the movant. Whether a subpoena imposes upon a witness an 'undue burden' depends upon such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed. In addition, the status of a witness as a non-party to the underlying litigation entitles the witness to consideration regarding expense and inconvenience." *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48–49 (S.D.N.Y. 1996) (internal quotation and editorial marks and citations omitted). Among other issues pertaining to subpoenas and undue burdens, courts will tend to grant motions to quash when subpoenas are so broad that they seek "any and all documents relating to" the

subject matter in question.  *Cf., e.g., Henry v. Morgan's Hotel Grp., Inc.*, No. 15-CV-1789 (ER)(JLC), 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016) (citations omitted).  Courts will tend to grant motions to quash also when requests in subpoenas look too much like requests for improper propensity evidence.  *Cf., e.g., Lev v. S. Nassau Communities Hosp.*, No. CV 10-5435 JS ARL, 2011 WL 3652282, at *2 (E.D.N.Y. Aug. 18, 2011); *Ireh v. Nassau Univ. Med. Ctr.*, No. CV06-09 LDW/AKT, 2008 WL 4283344, at *5 (E.D.N.Y. Sept. 17, 2008) (citation omitted).  Courts will consider complaints about the volume of materials that would have to be produced to comply with subpoenas, but any burdens have to be explained in more than conclusory fashion.  *Cf., e.g., Hawkins v. Medapproach Holdings, Inc.*, No. 13CV5434 (ALC) (DF), 2014 WL 11350177, at *3 (S.D.N.Y. June 27, 2014) (rejecting "conclusory assertions that compliance with the Subpoenas would implicate large numbers of privileged communications and hence impose an undue burden") (citation omitted).  Even when courts find problems with requests in subpoenas, they will modify the subpoenas before quashing them altogether if modifications can correct the problems.  *See, e.g., Gambino v. Payne*, No. 12CV824A, 2015 WL 866811, at *2 (W.D.N.Y. Mar. 2, 2015) ("Modification is preferred to outright quashing a subpoena.") (citation omitted); *see also, e.g., Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) ("Generally, modification of a subpoena is preferable to quashing it outright.") (citations omitted).

### B.  *Modifications to Cooper's Subpoenas*

Applying the above principles, the Court finds that Cooper's subpoenas can survive the pending motion if modified in part.  Most of the requests or questions in the subpoenas reasonably seek information or documents that will help Cooper explain a purported six-hour gap

in the documentation of his whereabouts during the night of October 21, 2012. Other requests or questions, however, seek information not pertaining directly to Cooper or seek a range of documents out of proportion to their usefulness to Cooper's claims. Since the Annucci and Colvin subpoenas are largely identical in language, the Court has used the following table to explain its modifications to both subpoenas in one place:[1]

| Annucci Subpoena No. | Colvin Subpoena No. | Modification | Reason |
|---|---|---|---|
| RFP-3, 4, 5, 6 | RFP-2 | Replace "a complete copy" with "those portions." | Voluminous documents need not be produced in their entirety if only a small portion addresses the request. |
| RFP-8 | RFP-4 | Quashed in its entirety. | Asking for any document mentioning any defendant's name, for two years prior to the alleged incident and without any context, comes too close to seeking propensity evidence. |
| RFP-9 | RFP-5 | Add "copies of" before "the timecards." | Originals can be inspected if necessary; surrendering them appears unnecessary at this time. |
| RFP-11, 12, 13, 14 | RFP-7, 8 | The requests are consolidated; all text after "please provide" is replaced with "a copy of any preliminary, summary, or final reports that [CORC or OIG] issued." | The reports will provide faster and more focused discovery than, for example, "all documents relating to each communication." |
| RFP-15 | RFP-9 | Quashed in its entirety. | Too broad; likely overlaps other narrower requests. |

---

[1] In the table, "RFP" refers to a Request for Production while "DWQ" refers to the Depositions upon Written Questions.

| | | | |
|---|---|---|---|
| RFP-16, 17, 18, 19 | RFP-10, 11, 12, 13 | Narrowed to a copy of the OIG file for the 10/21/2012 incident; sensitive personal or security information may be redacted. The requests are quashed in all other respects but without prejudice. | Cooper may start with the OIG file and may return for future applications if necessary. Any other request here seeks nearly limitless amounts of documents from a nearly limitless number of people. |
| RFP-20 | RFP-14 | Narrowed to a copy of any report or memorandum cited in the OIG final report or findings. | This modification gives DOCCS more precise guidance on what to produce and avoids the vagueness of the phrases "complete official record" and "transferred." |
| RFP-21, 22 | RFP-15, 16 | Quashed without prejudice to renew if the documents in these requests are necessary beyond the OIG final report and any documents cited therein. | This modification gives DOCCS more precise guidance on what to produce and avoids the vagueness of the phrase "all documents relating." |
| RFP-25, 26, 27, 28 | RFP-19, 20, 21, 22 | Quashed in their entirety. | The phrases "all documents" and "concerning or related to" are too broad here. Additionally, the requests for documents concerning other inmates come too close to seeking propensity evidence. |
| RFP-32, 33, 34 | RFP-25, 26, 27 | Quashed in their entirety but without prejudice. | One of the above requests has been modified to a request for the OIG file and should provide the same documents. This request would be duplicative. |
| RFP-36 through 48 | RFP-29 through 34 | Narrowed as follows: For each of UF 12-0163, UI 12-0217, UI 12-0207, FAC Log No. 120217, and CCC No. 226643, produce copies of the initial report or log; any subsequent file generated; and any report or final finding that resolved the matter. | This modification gives DOCCS more precise guidance on what to produce than, for example, the ambiguous phrase "all documents in the possession of any person or DOCCS." |
| RFP-50 | RFP-36 | Narrowed, without prejudice, to Cooper only. | Cooper does not need hearing documents for other inmates unless he argues in the future that he received different treatment at his hearings and that any differences are relevant to his claims. |

7

| | | | |
|---|---|---|---|
| RFP-51 | RFP-37 | Modified to add "a copy of" after "provide." | Originals can be inspected if necessary; surrendering them appears unnecessary at this time. |
| RFP-54 | RFP-39 | Quashed in its entirety but without prejudice. | Too broad; also, the OIG file should provide those portions of this request that are relevant to Cooper's claims. |
| RFP-60 | RFP-44 | Modified to add "a copy of" after "provide." | Originals can be inspected if necessary; surrendering them appears unnecessary at this time. |
| DWQ-2 | DWQ-2 | Quashed in its entirety. | Too broad, and potentially duplicative of numerous other document requests. |
| DWQ-15 | DWQ-14 | Quashed in its entirety but without prejudice. | Too broad; requesting all documents for two entire units could include large amounts of information that have nothing to do with Cooper. |
| DWQ-25 | DWQ-24 | No modification at this time, but DOCCS has leave to answer the question under seal and for attorneys' eyes only, if answering the question fully would risk divulging sensitive security information. | Depending on the level of detail in DOCCS's answer, the answer could contain security details that should not appear in the public docket of this case. |
| DWQ-31, 32, 34 | DWQ-30, 31, 33 | Quashed in their entirety. | Too broad, and the requests for times other than 10/21/2012 come too close to propensity evidence. |
| DWQ-34, 35, 36 | DWQ-33, 34, 35 | Quashed in their entirety. | Too broad, and duplicative of the modified request above concerning UF 12-0163, UI 12-0217, UI 12-0207, FAC Log No. 120217, and CCC No. 226643. |

Any request or question not addressed above is permissible as is. DOCCS will respond to the subpoenas on or before February 28, 2017. As for Cooper's request for sanctions, the concern raised is understandable. Some modification to the subpoenas was necessary, however, meaning that at least some level of motion practice would have been necessary in any event. The Court declines to assess sanctions under those circumstances.

8

IV.     CONCLUSION

For all of the foregoing reasons, the Court grants DOCCS's motion to quash (Dkt. No. 47) in part.

SO ORDERED.

_/s Hugh B. Scott_____
Honorable Hugh B. Scott
United States Magistrate Judge

DATED: December 20, 2016

9